## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Veronica L. Murphy and Donald R. Devers, Jr., | : : : | Chapter 13 |
| Debtors. | : | Case No. 24-12976-pmm |
| Donald R. Devers, Jr., | : : | |
| Plaintiffs, | : : | Adversary Proceeding No. |
| v. | : : | |
| People First Federal Credit Union, | : : | [JURY TRIAL DEMANDED] |
| Defendants. | : | |

### PLAINTIFF'S COMPLAINT

AND NOW, come Plaintiff, Donald Devers, by and through his attorneys, ARM Lawyers, by Patrick J. Best, Esquire, and hereby sets forth the following allegations in support of his Complaint:

### INTRODUCTION

1. Plaintiff is an honest but unfortunate debtor who seeks reorganization of his debts through Chapter 13 of the Bankruptcy Code. This includes a credit card debt with Defendant, People First Federal Credit Union. This case involves a pattern of conduct which is uniquely violative of the Bankruptcy Code. Since filing the voluntary petition in this case, Defendant has contacted Plaintiff over 67 separate times either by phone or by letter. Each of these contacts were *after* Defendant filed its Proof of Claim – establishing unrefutably that Defendant was aware of the bankruptcy filing. Notably, Plaintiff did not jump to suit. Rather, Plaintiff, through his attorney sent a courtesy cease and desist letter warning Defendant of the violation. Despite this cease and desist letter, Defendant continued to call and mail Plaintiff. In at least 7 of these

calls, Plaintiff told Defendant's agent that he was in an active Chapter 13. Nevertheless, Defendant continued to call and mail. Only after 67 violations and several warnings, does Plaintiff now seek remedy.

2. This action seeks: (a) damages for willful violation of the automatic stay; (b) damages for violation of the Fair Credit Extension Uniformity Act and/or the Unfair Trade Practices and Consumer Protection Law; and (c) damages under a common law claim for invasion of privacy, intrusion upon seclusion.

## PARTIES

3. Plaintiff is Donald R. Devers, Jr., a competent adult individual with a current address within the Commonwealth of 120 Diamond Street, Slatington, Pennsylvania 18080.

4. Defendant People First Federal Credit Union ("People First") is a federal credit union with its principal place of business of 740 Hamilton Street, Suite 300, Allentown PA 18101-2474.

## JURISDICTION AND VENUE

5. Jurisdiction over Count I is proper under 28 U.S.C. §1334 because a violation of the automatic stay arises under a case under Title 11. Counts II and III each assert state law claims which are "related to" the case under Title 11 and the District Court will have original jurisdiction over those claims. At an appropriate time, Plaintiff will file a motion to withdraw the reference.

6. Venue is proper in this District as the main bankruptcy case is located in this District and the acts alleged occurred in this District.

7. This is a non-core proceeding and Plaintiff does not consent to final judgment by the bankruptcy court

## FACTS

8. Plaintiff allegedly incurred a financial obligation in the amount of $5,133.18 (the "Debt") that was primarily for personal, family, or household purposes.

9. The Debt was allegedly due and owing to Defendant, People First, as creditor.

10. Plaintiff filed a Chapter 13 bankruptcy petition on August 27, 2024, in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

11. The debt was subject to this Chapter 13 bankruptcy as it arose, if at all, prior to the filing of the Petition.

12. As such the debt was subject to the automatic stay of 11 U.S.C. §362 of the Bankruptcy Code.

13. On October 4, 2024, People First filed a proof of claim. (See Claim #3).

14. As such, People First was aware of Plaintiff's bankruptcy filing.

15. Despite being subject to the automatic stay, after October 4, 2024, People First sent Plaintiff a letter stating he was late on his loan payment and demanding a payment be made.

16. Upon receiving this notice Plaintiff suffered anxiety and was upset as he believed the bankruptcy would resolve the debt.

17. Among other things, this communication was false and misleading as it purported to take action that the Defendant could not legally take.

18. In other words, because Plaintiff was subject to the automatic stay, Defendants cannot demand payment on the debt.

19. Plaintiff, through his attorney, sent a courtesy cease and desist letter on October 25, 2024. (Exhibit A).

20. Unfortunately, the first post-petition communication by Defendant was not the final communication by Defendant.

21. Since the filing of Plaintiff's bankruptcy petition, Defendant sent numerous letters and made numerous phone calls to Plaintiff.

22. In total, Defendant has made at least 46 separate contacts since Plaintiff filed the bankruptcy petition.

23. On at least seven (7) occasions, Plaintiff answered the phone to tell Defendant's agent that he has filed bankruptcy.

24. Each time the agent said they would "update the account", but the calls and letters continued to come.

25. Each of Defendant's 46 separate conducts violates the automatic stay.

## COUNT I
## VIOLATIONS OF THE AUTOMATIC STAY
## 11 U.S.C. § 362(k)

26. Plaintiff hereby incorporates paragraphs 1 through 25 above as if the same were set forth more fully at length therein.

27. Section 362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

28. Defendant violated the automatic stay by sending a collection letter to Plaintiff.

29. Defendant violated the automatic stay by demanding payment of the debt.

30. Defendant violated the automatic stay by calling Plaintiff about the debt.

31. As Defendant was aware of the bankruptcy filing, Defendant's violation of the automatic stay was willful.

32. Indeed, Defendant continued to call and mail Plaintiff despite actual knowledge of the bankruptcy filing, the warning letter sent by Plaintiff's attorney, and the seven (7) verbal notifications by Plaintiff.

33. Defendant's violation of the automatic stay caused significant emotional distress to Plaintiff.

34. Defendant's violation of the automatic stay also caused Plaintiff damage in the nature of time, effort, and expense to resolve the issue.

35. Plaintiff was fearful that Defendant would take additional collection actions and pursued this Complaint in order to prevent that from happening.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant for damages pursuant to 11 U.S.C. § 362(k) in the nature of actual damages, including costs and attorneys' fees, and punitive damages.

### COUNT II
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 P.S. § 201-1 et seq.

36. Plaintiff hereby incorporates paragraphs 1 through 35 above as if the same were set forth more fully at length therein.

37. Plaintiff is a "consumer" as defined by the Fair Credit Extension Uniformity Act ("FCEUA") (73 P.S. § 2270.1 et. seq.).

38. Defendant is a "creditor" as defined by the FCEUA.

39. The FCEUA prohibits a creditor from using any false, deceptive or misleading representations or means in connection with the collection of any debt.

40. The FCEUA also prohibits a creditor from using unfair or unconscionable means to attempt to collect a debt.

41. The Defendant's continued contact with Plaintiff during the pendency of Plaintiff's bankruptcy violates the FCEUA as it is false, deceptive or misleading to collect a debt that is subject to a Chapter 13 bankruptcy.

42. The Defendant's continued contact with Plaintiff during the pendency of Plaintiff's bankruptcy violates the FCEUA as it is unfair or unconscionable to attempt to collect a debt that is subject to a Chapter 13 bankruptcy

43. As a result of Defendant's violations of the FCEUA, Plaintiff has suffered damages due to these illegal collection communications in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

44. Additionally, Plaintiff suffered an ascertainable loss in the form of postage expense. Plaintiff was required to send a cease and desist letter in order to attempt to prevent Defendant's violative conduct.

45. If a debt collector engages in an unfair or deceptive debt collection act or practice under the FCEUA, it shall "constitute a violation of the act . . . known as the Unfair Trade Practices and Consumer Protection Law [UTPCPL]," 73 P.S. § 201-1.

46. Given that Defendant violated the FCEUA, Defendant is also in violation of the UTPCPL.

47. As a result of the above, Defendant is susceptible to an award of damages in an amount of up to three times the damages sustained pursuant to 73 P.S. §201-9.2.

48. Pursuant to the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-9.2, this Honorable Court may award any additional relief as it deems necessary and proper, which may include an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendant for actual damages in the amount of at least $100.00 pursuant to 73 P.S. § 201-9.2, treble damages, reasonable attorney's fees and costs pursuant to 73 P.S. § 201-9.2, and such other and further relief as may be just and proper.

## COUNT III
## INVASION OF PRIVACY

49. Plaintiff hereby incorporates paragraphs 1 through 48 above as if the same were set forth more fully at length therein.

50. Plaintiff has an inherent right to privacy including to her private consumer financial data.

51. Plaintiff has an inherent right to privacy, which includes a right to seclusion.

52. Defendant and/or their agents, without authorization, intentionally invaded Plaintiff's private matters given the multiple harassing phone calls and letters.

53. Defendant and/or its agents intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt, which actions invaded Plaintiff's privacy.

54. Defendant and/or their agents, without authorization, intentionally intruded into Plaintiff's private financial affairs and private matters given the multiple harassing phone calls without consent or agreement.

55. Any reasonable person in the position of Plaintiff would find Defendant's and/or their agents' intentional actions to be offensive and oppressive.

56. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

57. Plaintiff was extremely frustrated, upset, and angry that Defendant continued to illegally attempt to collect this debt, despite having filed for bankruptcy; and, Plaintiff felt that he had

been denied her right to be free of post-bankruptcy collection harassment and to the financial fresh start as promised by the federal bankruptcy code.

58. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

59. Defendant and/or their agents, intentional invasion and intrusion into the matters and affairs of Plaintiff caused Plaintiff severe mental anguish and suffering in the form of shame, humiliation, fear, anxiety, anger, emotional distress, frustration, upset, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendant for an award of actual damages from Defendant due to the emotional distress suffered as a result of the intentional invasions of privacy in an amount to be determined at trial and for such other and further relief as may be just and proper

Respectfully submitted:
**ARM LAWYERS**

By:   /s/ Patrick J. Best
Patrick J. Best, Esquire
Atty. ID#: 309732
Attorney for Plaintiff
18 N. 8th Street
Stroudsburg PA 18360
(570) 420-7431