**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| VERONICA L. MURPHY and | : | CHAPTER 13 |
| DONALD R. DEVERS, JR., | : | |
| | : | |
| Debtors | : | BKRTCY. NO. 24-12976 pmm |

| | | |
|---|---|---|
| | : | |
| DONALD R. DEVERS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adv. No.:25-108 |
| | : | |
| PEOPLE FIRST FEDERAL | : | |
| CREDIT UNION, | : | |
| | : | |
| Defendant | : | |
| | : | |

**ANSWER TO COMPLAINT FOR VIOLATION OF AUTOMATIC STAY, UNFAIR TRADE PRACTICES AND INVASION OF PRIVACY AND AFFIRMATIVE DEFENSES**

1. Denied and proof demanded. In that this paragraph is rather long, it is denied in its entirety.

2. Denied and proof demanded and further because the allegations are conclusions of law.

3. Admitted.

4. Admitted. (Interestingly, Debtors list Defendant's address in their Schedules at Mack Boulevard in Allentown, PA, an address that Defendant has not used in over 30 years.)

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted that at least as of September 23, 2024, People received notice of the filing from the Clerk.

15. Denied and proof demanded.

16. Denied and proof demanded.

17. Denied and proof demanded.

18. Denied and proof demanded.

19. Denied and proof demanded. Defendant has not seen the letter to this date. No letter is appended as part of Exhibit "A" on the docket.

20. Denied and proof demanded.

21. Denied and proof demanded.

22. Denied and proof demanded.

23. Denied and proof demanded.

24. Denied and proof demanded.

25. Denied and proof demanded.

26. No response required.

27. Denied and proof demanded.

28. Denied and proof demanded.

29. Denied and proof demanded.

30. Denied and proof demanded.

31. Denied and proof demanded.

32. Denied and proof demanded.

33. Denied and proof demanded.

34. Denied and proof demanded.

35. Denied and proof demanded.

WHEREFORE, Defendant prays the Court deny and dismiss the Complaint.

36. No response required.

37. Denied and proof demanded.

38. Denied and proof demanded.

39. Denied and proof demanded.

40. Denied and proof demanded.

41. Denied and proof demanded.

42. Denied and proof demanded.

43. Denied and proof demanded.

44. Denied and proof demanded.

45. Denied and proof demanded.

46. Denied and proof demanded.

47. Denied and proof demanded.

48. Denied and proof demanded.

WHEREFORE, Defendants prays the Court deny and dismiss the Complaint.

49. No response required.

50. Denied and proof demanded.

51. Denied and proof demanded.

52. Denied and proof demanded.

53. Denied and proof demanded.

54. Denied and proof demanded.

55. Denied and proof demanded.

56. Denied and proof demanded.

57. Denied and proof demanded.

58. Denied and proof demanded.

59. Denied and proof demanded.

WHEREFORE, Defendant prays the Court deny and dismiss the Complaint.

## **AFFIRMATIVE DEFENSES**

60. Plaintiff fails to state a claim for relief for violation of the Automatic Stay of the Bankruptcy Code.

61. Plaintiff fails to state a claim for relief under the Unfair Trade Practices and Consumer Protection Law of Pennsylvania.

62. Plaintiff fails to state a claim for relief for invasion of privacy.

63. Plaintiff's emotional distress damages, without more, are insufficient to allow recover under the theories advances by

Plaintiff.

64. Defendant never received the letter alleged to have been sent to trigger the protections of the Automatic Stay. To this day, a copy has not been provided.

65. Defendant did, however, become aware of the filing and stopped all statements and alerted its collectors about the automatic stay.

66. However, there may have been some confusion with respect to reporting the filing to PFFCU's Visa card servicer (FIS) who may have continued to process the account as normal. Defendant will continue to investigate this matter.

67. PFFCU does not have any record of the multiple and repeated phone calls alleged by Plaintiff and does not believe that they originated from PFFCU, but could have originated from the servicer. Again, further investigation is warranted and is being conducted.

WHEREFORE, Defendant prays the Court deny and dismiss the Complaint.

                                        **LAW OFFICE OF**
                                        **KEVIN K. KERCHER, ESQUIRE, P.C.**

Dated: 2/26/2025                /s/ Kevin K. Kercher
                                        Kevin K. Kercher, Esquire
                                        The Fullerton Building, Ste. C-2
                                        881 Third St.
                                        Whitehall, PA 18052
                                        610.264.4120 phone
                                        610.264.2990 fax
                                        **Attorney for Defendant**
                                        **People First Federal Credit Union**